**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTHUR LOPEZ, | No. 17-56869 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-02379-VBF-MRW |
| v. | |
| CORONA POLICE DEPARTMENT, official capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted June 12, 2018[**]

Before:    RAWLINSON, CLIFTON and NGUYEN, Circuit Judges.

Arthur Lopez appeals pro se from the district court's order denying his application to proceed in forma pauperis ("IFP") in his 42 U.S.C. § 1983 action alleging unconstitutional seizure of his vehicle. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *O'Loughlin v. Doe*, 920

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.2d 614, 616 (9th Cir. 1990).  We reverse and remand.

The district court denied Lopez's motion to proceed IFP finding that Lopez failed to state a Fourth Amendment claim relating to the seizure of his vehicle. However, Lopez alleged that defendants seized his currently registered vehicle without a warrant while it was lawfully parked outside his residence.  These allegations are sufficient to state a claim for unreasonable seizure in violation of the Fourth Amendment.  *See Miranda v. City of Cornelius*, 429 F.3d 858, 862 (9th Cir. 2005) (government bears the burden of showing that a warrantless impoundment of a vehicle is justified by the community caretaking exception to the Fourth Amendment's warrant requirement).

Lopez's request for injunctive relief (Docket Entry No. 10) is denied.

**REVERSED and REMANDED.**